UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY DOYLE YOUNG, <br> Plaintiff, <br> v. <br> U.S. ATTORNEY GENERAL, <br> Defendant. | Case No. 19-cv-06317-WHO (PR) <br><br> **ORDER OF TRANSFER** |

Petitioner Timothy Doyle Young, a federal prisoner convicted in Oregon and housed in Colorado, asks for federal habeas relief. This action is TRANSFERRED to the District of Oregon as that is the district of conviction. 28 U.S.C. §§ 1404(a), 2241(d); Habeas L.R. 2254-3(b).

The Court notes the following. "Mr. Young has filed over 60 separate federal court cases across the country, in the United States Courts of Appeals for the Second, Ninth, Tenth and District of Columbia Circuits, the United States District Courts for the Northern District of California, the Central District of California, the District of Colorado, the District of Columbia District Court, the Northern District of Illinois and the Eastern District of New York." *Young v. United States*, 88 Fed. Cl. 283, 290 (2009). By such excessive filings, "Mr. Young has made himself an example of the type of plaintiff Congress was trying to address when it enacted the Prison Litigation Reform Act, 28

U.S.C. § 1915." *Id.* at 291.

The Court will quote from a judicial decision regarding a 2008 federal case Young filed here in the Northern District that was transferred to Colorado:

> Plaintiff also maliciously and purposely has filed actions in other federal courts knowing, as demonstrated in the cited cases below, that venue is not proper and that the actions more properly are filed in this Court. *See Young v. U.S. Dep't of Justice, et al.*, No. 07-cv-00343-UNA (D.D.C. Feb. 13, 2007) (transferred to the District of Colorado pursuant to 28 U.S.C. § 1406(a)); *Young v. Bureau of Prisons, et al.*, No. 07-cv-00817-UNA (D.D.C. May 4, 2007) (ordered transferred to the District of Colorado pursuant to 28 U.S.C. § 1406(a)); *Young v. Bureau of Prisons*, No. 07-cv-01759-UNA (D.D.C. Nov. 15, 2007) (transferred to the District of Colorado pursuant to 28 U.S.C. § 1406(a)); *Young v. DOJ, United States*, No. 07-CV-05057-SLT-LB (E.D.N.Y. Dec. 11, 2007) (transferred to the District of Colorado pursuant to 28 U.S.C. § 1406(a)); *Young v. United States*, No. 07-cv-06004-THE (N.D. Calif. Dec. 17, 2007) (transferred to the District of Colorado pursuant to 28 U.S.C. § 1406(a)); *Young v. United States*, No. 08-cv-00048-THE (N.D. Calif. Jan. 18, 2008) (transferred to the District of Colorado pursuant to 28 U.S.C. § 1406(a)).

*Young v. United States*, No. 08-cv-00226-BNB, 2008 WL 1765652, at *2 (D. Colo. Apr. 16, 2008.) His filings, the Colorado court found, were "abusive."

The United States Supreme Court in rejecting a petition from Young stated, "[a]s petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and petition submitted in compliance with Rule 33.1." *Young v. Madison*, 133 S. Ct. 619 (2012).

The Clerk shall transfer this action forthwith.

**IT IS SO ORDERED.**

**Dated:** October 10, 2019



WILLIAM H. ORRICK
United States District Judge

2